Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Benjamin C. Deming (State Bar No.233687)
bdeming@rutan.com
Kathryn Domin (State Bar No. 274771)
kdomin@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff, ALTAIR INSTRUMENTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KELLEY WEST ENTERPRISES, LLC, a Florida limited liability company; PRESSER DIRECT, LLC, a California limited liability company; AMAZON.COM, INC., a Delaware corporation; HSN, Inc., a Florida corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ALTAIR INSTRUMENTS, INC. ("Altair") as its Complaint against Defendants KELLEY WEST ENTERPRISES, LLC, ("Kelley West"), PRESSER DIRECT, LLC ("Presser"), AMAZON.COM, INC., ("Amazon"), HSN, Inc., ("HSN"), and Does 1 through 10, inclusive (collectively, "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal question).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c). On information and belief, Defendants reside in this judicial district because, among other things, Defendants sell and have sold and/or offer to sell in this judicial district products that infringe the patent-in-suit.

## THE PARTIES

3. Plaintiff Altair is a California corporation with its principal place of business at 1834 Palma Drive, Suite F, Ventura, California 93003.

4. On information and belief, defendant Kelley West is a Florida limited liability company with its principal place of business located at 5255 North Federal Highway, Suite 300, Boca Raton, FL 33428.

5. On information and belief, defendant Presser is a California limited liability company with its principal place of business located at 9600 Cattaraugus Avenue, Los Angeles, California 90034.

6. On information and belief, defendant Amazon is a Delaware corporation with its principal place of business located at 410 Terry Ave., N, Seattle, Washington 98109 .

7. On information and belief, defendant HSN is a Florida corporation with its principal place of business located at 1 HSN Drive, St. Petersburg, Florida 32729.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Altair, which therefore sues said defendants by such fictitious names. Altair will seek leave

of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Altair is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

9. Altair alleges on information and belief that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Altair for the damages and relief sought herein.

10. Altair alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## GENERAL ALLEGATIONS

11. On June 5, 2001, United States Patent No. 6,241,739, entitled "Microdermabrasion Device And Method Of Treating The Skin Surface" ("the '739 patent"), was duly and legally issued by the United States Patent and Trademark Office (the "USPTO").

12. By assignment, Altair is the owner of all rights, title and interest in and to the '739 patent, including all rights to recover for any and all past infringement thereof. A true and correct copy of the '739 patent, with Reexamination Certificates, is attached hereto as **Exhibit "A**." Altair has given notice to the public of its patent by marking its own products with the '739 patent in conformity with 35 U.S.C. § 287(a).

## CLAIM FOR RELIEF

### (Infringement of the '739 Patent)

13. Altair realleges each and every allegation set forth in paragraphs 1

through 12 above, and incorporates them herein.

14. Defendants make, use, sell, offer to sell, and/or import into the United States a microdermabrasion device known as the "Microderm360°" which contains each and every element of at least one claim of the '739 patent, including in this Judicial District. Users of the Microderm360° also infringe the '739 patent. Defendants have infringed and are infringing the '739 patent and will continue to do so, unless enjoined by this Court. Defendants directly infringe the '739 patent, and are also liable for contributory and inducing infringement.

15. On October 16, 2014, Altair sent a copy of the '739 patent to defendant Kelley West. Despite Kelley West's knowledge of the '739 patent, Kelley West continued to infringe such patent. Defendant Amazon has been aware of the '739 patent since at least October 9, 2013, when it received a courtesy copy of the complaint in the action entitled, *Altair Instruments, Inc., v Paul S. Taggart dba Personal Microderm, et al.*, USDC Case No. CV13-07446 JAK (AGRx). On information and belief, all Defendants are aware of the '739 patent and are aware that the sale, offer to sell and use of the Microderm360° infringes the '739 patent. Defendants' infringement of the '739 patent has been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Altair's patent rights, unless enjoined by this Court.

16. Altair has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and irreparably injured by Defendants' infringing activities. Altair will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

## **PRAYER**

WHEREFORE, Altair prays for the following relief:

a. Preliminary and permanent injunctions pursuant to 35 U.S.C. § 283 enjoining and restraining Defendants, their officers, directors, agents, employees, successors and assigns, and all those

1  acting in privity or concert with Defendants or any of them, from
2  further infringement of the '739 patent;
3      b.    A judgment by the Court that Defendants have infringed
4  and are infringing the '739 patent;
5      c.    An award of damages for infringement of the
6  '739 patent, together with prejudgment interest and costs, said
7  damages to be trebled by reason of the intentional and willful nature
8  of Defendants' infringement, as provided by 35 U.S.C. § 284;
9      d.    An award of Altair's reasonable attorneys' fees pursuant
10  to 35 U.S.C. § 285 in that this is an exceptional case;
11      e.    Altair's costs of suit herein; and
12      f.    For such other and further relief as this Court deems just
13  and proper.

Dated: October 15, 2015

RUTAN & TUCKER, LLP
RONALD P. OINES
BENJAMIN DEMING
KATHRYN DOMIN

By: */s/ Ronald P. Oines*
      Ronald P. Oines
Attorneys for Plaintiff ALTAIR
INSTRUMENTS, INC.

Rutan & Tucker LLP
attorneys at law

**DEMAND FOR JURY TRIAL**

Altair hereby demands a trial by jury.

Dated: October 15, 2015

RUTAN & TUCKER, LLP
RONALD P. OINES
BENJAMIN DEMING
KATHRYN DOMING

By: */s/ Ronald P. Oines*
Ronald P. Oines
Attorneys for Plaintiff
ALTAIR INSTRUMENTS, INC.