Robert T. Cruzen (Cal. Bar No. 203658)
rob.cruzen@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: 503-595-5300
Facsimile: 503-595-5301

Counsel for Defendant
AMAZON.COM, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC., | No. 2:15-cv-8115-R-FFM |
| Plaintiff, | ANSWER AND DEFENSES OF DEFENDANT AMAZON.COM, INC. |
| -vs.- | |
| KELLEY WEST ENTERPRISES, LLC, et al., | JURY DEMAND |
| Defendants. | |

Defendant Amazon.com, Inc. ("Amazon") answers the Complaint For Patent Infringement ("complaint") of plaintiff Altair Instruments, Inc. ("plaintiff") as follows:

## JURISDICTION AND VENUE

1. Amazon admits that this Court has subject matter jurisdiction over actions brought pursuant to 28 U.S.C. § 1331 and 1338(a), but denies plaintiff has stated a claim.

2. For purposes of this action only, Amazon does not contest that venue is proper under 28 U.S.C. §§ 1400(b). Amazon denies that Section 1391(c) applies to patent infringement actions. Section 1400(b) is the sole and exclusive provision that governs venue in patent infringement cases.

## THE PARTIES

3. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint.

4. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint.

6. Amazon admits that it is a Delaware corporation with its principal place of business located at 410 Terry Ave., N, Seattle, Washington 98109.

7. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

9. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Denied.

## GENERAL ALLEGATIONS

11. Amazon admits that U.S. Patent No. 6,241,739 (the "'739 patent) is entitled "Microdermabrasion Device And Method Of Treating The Skin Surface"; that the '739 patent states that it was issued June 5, 2001; and that the '739 patent identifies Altair as the assignee. Amazon denies that it was duly and legally issued.

12. Amazon admits that Exhibit "A" purports to be a copy of the '739 patent, with Reexamination Certificates. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the complaint.

## CLAIM FOR RELIEF

### (Infringement of the '739 Patent)

13. Amazon realleges and incorporates its responses to the allegations of paragraphs 1 through 12 of the complaint.

14. Amazon admits that Microderm360 is offered on amazon.com, but denies the remaining allegations of paragraph 14 as to Amazon and to users of the Microderm360. Amazon lacks knowledge or information sufficient to form a belief as to the other defendants.

15. Amazon admits that it received a courtesy copy of action entitled "*Altair Instruments, Inc., v Paul S. Taggart dba Personal Microderm, et al.*, USDC Case No. CV13-07446 JAK (AGRx)" and that it is presently aware of the '739 patent. Amazon denies the remaining allegations of paragraph 15 to the extent they relate to Amazon. Amazon lacks knowledge or information sufficient to form a belief as to the other defendants.

16. Denied.

**<u>GENERAL DENIAL</u>**

17. Amazon denies any and all allegations of the Complaint not specifically admitted hereinabove.

**<u>AFFIRMATIVE DEFENSES</u>**

Further answering and as additional defenses, Amazon states the following without admitting any allegation of the complaint not otherwise admitted and without assuming the burden of proving any fact that is otherwise plaintiff's burden to prove. Amazon reserves the right to amend or augment these defenses based on further investigation and discovery.

**FIRST DEFENSE**

**(Non-Infringement)**

1. Amazon does not and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '739 patent.

**SECOND DEFENSE**

**(Invalidity)**

2. One or more claims of the '739 patent are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112 et seq.

**THIRD DEFENSE**

**(Prosecution Laches)**

3. Plaintiff's enforcement of the '739 patent is barred by the equitable doctrine of prosecution laches.

**FOURTH DEFENSE**

**(Damages Limited)**

4. Some or all of plaintiff's claims for damages are statutorily barred, in whole or in part, based on 35 U.S.C. § 286 and/or § 287.

**FIFTH DEFENSE**

**(Failure to State Sufficient Facts to Constitute Claims)**

5. Plaintiff fails to state a claim upon which relief may be granted.

**SIXTH DEFENSE**

**(Dedication to the Public)**

6. Plaintiff has dedicated to the public any method, system, and/or product disclosed in the ’739 patent but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

**SEVENTH DEFENSE**

**(Failure to Mitigate Damages)**

7. Plaintiff’s claims are barred, in whole or in part, by its failure to mitigate damages.

**EIGHTH DEFENSE**

**(Substantial Non-Infringing Use)**

8. The accused design has substantial non-infringing uses and therefore does not contribute to the alleged infringement of any claims of the ’739 patent.

**NINTH DEFENSE**

**(Injunctive Relief Unavailable)**

9. Plaintiff is not entitled to injunctive relief because any alleged injury to plaintiff is not immediate or irreparable, and plaintiff has an adequate remedy at law.

**TENTH DEFENSE**

**(Prosecution History Estoppel)**

10. The doctrine of prosecution history estoppel precludes a finding of infringement of any valid and enforceable claim of the ’739 patent.

**ELEVENTH DEFENSE**

**(Intervening Rights)**

10. Without shifting the burden of proof, which remains with plaintiff, plaintiff's claims are barred at least in part by intervening rights, including pursuant to 35 U.S.C. §§ 252 and 307(b).

**PRAYER FOR RELIEF**

WHEREFORE, Amazon prays for the following relief:

A. A judgment dismissing plaintiff's complaint in its entirety, with prejudice, and finding that plaintiff recovers nothing thereon;

B. A judgment declaring that the '739 patent asserted against Amazon has not been infringed by Amazon;

C. A judgment awarding Amazon its costs (including expert fees), disbursements, and reasonable attorneys' fees in this action, pursuant to 35 U.S.C. § 285, together with interest, including prejudgment interest, thereon; and

D. Such further relief to Amazon as is just and proper.

**JURY DEMAND**

In accordance with Fed. R. Civ. P. 38(b), Amazon hereby demands a jury trial on all issues so triable.

Respectfully submitted,

December 14, 2015 By: *<u>/s/ Robert T. Cruzen</u>*

Robert T. Cruzen (Cal. Bar No. 203658)
rob.cruzen@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Counsel for Defendant
AMAZON.COM, INC.