GLENN W. TROST (SBN: 116203)
gtrost@swlaw.com
SNELL & WILMER L.L.P.
350 Grand Ave., Suite 2600
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Defendants Kelley West Enterprises, LLC; Presser Direct, LLC; and HSN, Inc.

UNTIED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTAIR INSTRUMENTS, INC.,<br>Plaintiff,<br>v.<br>Kelley West Enterprises, LLC; et al.,<br>Defendants. | Case No. 2:15-cv-08115-R-FFM<br>The Honorable Manuel L. Real<br>**ANSWER OF DEFENDANTS KELLEY WEST ENTERPRISES, LLC; PRESSER DIRECT, LLC; AND HSN, INC.** |

Defendants Kelley West Enterprises, LLC; Presser Direct, LLC; and HSN, Inc. ("Defendants") hereby answer as follows the Complaint for Patent Infringement (the "Complaint") filed October 15, 2015 by plaintiff Altair Instruments, Inc. ("plaintiff" or "Altair"):

1. Defendants admit that the Complaint purports to state a claim for patent infringement; that the Court has subject-matter jurisdiction over this action; and that some of the Defendants reside in this District. Except as so admitted, Defendants deny the allegations of Paragraphs 1-2 of the Complaint.

2. Defendants admit the allegations of Paragraphs 3-6 of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 8-10 of the Complaint, and therefore denies them.

4. Defendants admit that U.S. Patent No. 6,241,739 (the "'739 patent") is entitled "Microdermabrasion Device And Method Of Treating The Skin Surface"; that the '739 patent states that it was issued June 5, 2001; and that the '739 patent identifies Altair as the assignee. Except as so admitted, Defendants deny the allegations of Paragraphs 11-12 of the Complaint.

5. In responding to Paragraph 13 of the Complaint, Defendants incorporate the admissions, denials and allegations of paragraphs 1-4, above.

6. Defendants admit that they make and/or sell a product called the Microderm360. Except as so admitted, Defendants deny the allegations of Paragraphs 14-16 of the Complaint.

## GENERAL DENIAL

7. Defendants deny any and all allegations of the Complaint not specifically admitted hereinabove.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

8. The Complaint fails to state a claim upon which relief can be granted.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

9. Without shifting the burden of proof, which remains with plaintiffs, Defendants' products do not infringe, and have not infringed, the '739 patent.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

10. The claims of the '739 patent are invalid because they fail to satisfy the conditions for patentability stated in Title 35 of the United States Code, including without limitation those of §§ 101, 102(a), (b), (e) and/or (g), 103(a), 112 and 116.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

11. Without shifting the burden of proof, which remains with plaintiff, plaintiff's claims for damages are limited by 35 U.S.C. § 287.

## <u>FIFTH AFFIRMATIVE DEFENSE</u>

12. Plaintiff's claims are barred by laches, at least because (a) plaintiff delayed filing this action for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of its claim against Defendants, and (b) the delay operated to the prejudice or injury of Defendants.

## **<u>SIXTH AFFIRMATIVE DEFENSE</u>**

13. Without shifting the burden of proof, which remains with plaintiff, plaintiff's claims are barred at least in part by intervening rights, including pursuant to 35 U.S.C. §§ 252 and 307(b).

## **<u>ADDITIONAL AFFIRMATIVE DEFENSES</u>**

14. Defendants reserves the right to assert additional defenses that may become known to it through discovery.

## **<u>PRAYER</u>**

Defendants respectfully requests that the Court enter judgment as follows:

(a) declaring that plaintiff takes nothing on its Complaint;

(b) declaring that Defendants' products and their use by Defendants' customers do not directly or indirectly infringe any claims of the '739 patent;

(c) declaring that the claims of the '739 patent are invalid;

(d) determining that this is an exceptional case within the meaning of 35 U.S.C. § 285 and award Defendants their costs and attorneys' fees; and

(e) granting Defendants such other and further relief as the Court deems just in the circumstances.

Dated: December 14, 2015

SNELL & WILMER L.L.P.

By: [signature]

Glenn W. Trost
Attorneys for Defendants Kelley West Enterprises, LLC; Presser Direct, LLC; and HSN, Inc.