1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ALTAIR INSTRUMENTS, INC., a California corporation, <br><br> 12  Plaintiff, <br><br> 13  vs. <br><br> 14  KELLEY WEST ENTERPRISES, LLC, a Florida limited liability company; <br> 15  PRESSER DIRECT, LLC, a California limited liability company; <br> 16  AMAZON.COM, INC., a Delaware corporation; HSN, Inc., a Florida <br> 17  corporation, and DOES 1 through 10, inclusive, <br><br> 18 <br> 19  Defendants. | Case No. CV15-08115 R (FFMx) <br><br> **PROTECTIVE ORDER** |

20     In light of the Stipulation of the parties filed herewith, and good cause

21  appearing therefore, **IT IS HEREBY ORDERED** as follows:

22  **I.     DEFINITIONS**

23         A.     Party

24     Any party to this action, including all of its officers, directors, employees,

25  consultants, retained experts, and outside counsel (and their support staff).

26         B.     Disclosure or Discovery Material

27     All items or information, regardless of the medium or manner generated,

28  stored, or maintained (including, among other things, testimony, transcripts, or

Rutan & Tucker LLP
attorneys at law

1  tangible things) that are produced or generated in disclosures or responses to

2  discovery in this matter.

3        C.    "Confidential" Information or Items

4       Information (regardless of how generated, stored or maintained) or tangible

5  things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

6        D.    "Highly Confidential -- Attorneys' Eyes Only" Information or Items

7       Confidential Information or Items whose disclosure to another Party or

8  nonparty would create a substantial risk of serious injury that could not be avoided

9  by less restrictive means.  For purposes of this case, "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY" will be limited to: (i) the Parties' non-public

11  financial information, as it relates to costs, revenues and profits generally or for

12  specific products; (ii) information of a competitively or commercially sensitive or

13  proprietary nature or trade secrets regarding any products made by or for a Party;

14  (iii) non-public customer or distributor information, including non-public

15  arrangements and agreements with customers and distributors and the prices at

16  which products are sold to customer and distributors, but not including the names of

17  the customers or identification of the products sold to them; (iv) research and

18  development materials concerning unreleased products or services; (v) the

19  confidential terms of any licenses; and (vi) any other information that the Parties,

20  through their counsel, agree in writing during the course of this litigation, would

21  create a substantial risk of serious harm if disclosed.

22        E.    Receiving Party

23       A Party that receives Disclosure or Discovery Material from a Producing

24  Party.

25        F.    Producing Party

26       A Party or non-party that produces Disclosure or Discovery Material in this

27  action.

28        G.    Designating Party

A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

H.      Protected Material

Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

I.      Outside Counsel

Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

J.      House Counsel

Attorneys who are employees of a Party.

K.      Designated House Counsel

House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

L.      Counsel (without qualifier)

Outside Counsel and House Counsel (as well as their support staffs).

M.      Expert

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. "Expert" also shall mean an employee of a party who is retained as an expert in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

N.      Professional Vendors

Persons or entities who provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**II.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in other settings that might reveal Protected Material.  This Order does not apply to court hearings or proceedings.  The use of Confidential and Highly Confidential – Attorneys Eyes Only information or items in court hearings or proceedings will be addressed with the judicial officer conducting the proceeding at the appropriate time.

**III.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

**IV.    DESIGNATING PROTECTED MATERIAL**

A.    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items

1    that it designated for protection do not qualify for protection at all, or do not qualify

2    for the level of protection initially asserted, that Party or non-party must promptly

3    notify all other parties that it is withdrawing the prior designation.

4        B.    Manner and Timing of Designations.

5        Except as otherwise provided in this Order, or as otherwise stipulated or

6    ordered, material that qualifies for protection under this Order must be clearly so

7    designated before the material is disclosed or produced.

8        Designation in conformity with this Order requires:

9        (i)    For information in documentary form (apart from transcripts of

10   depositions or other pretrial or trial proceedings), that the Producing Party affix the

11   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS'

12   EYES ONLY" at the top or bottom of each page that contains protected material. If

13   only a portion or portions of the material on a page qualifies for protection, the

14   Producing Party also must clearly identify the protected portion(s) (e.g., by making

15   appropriate markings in the margins) and must specify, for each portion, the level of

16   protection being asserted (either "CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL — ATTORNEYS' EYES ONLY").

18       A Party or non-party that makes original documents or materials available for

19   inspection need not designate them for protection until after the inspecting Party has

20   indicated which material it would like copied and produced. During the inspection

21   and before the designation, all of the material made available for inspection shall be

22   deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the

23   inspecting Party has identified the documents it wants copied and produced, the

24   Producing Party must determine which documents, or portions thereof, qualify for

25   protection under this Order, then, before producing the specified documents, the

26   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

27   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top or

28   bottom of each page that contains Protected Material. If only a portion or portions of

the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY").

(ii)    <u>For testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 15 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").  Once this right to designate portions of the transcript as Protected Material has been invoked, the entire transcript, and all testimony given in the deposition, shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the 15 day period has lapsed; thereafter, only those portions of the testimony that are appropriately designated for protection within the 15 days shall be covered by the provisions of this Stipulated Protective Order, unless a Designating party specifies that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(iii)  <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

C.  <u>Inadvertent Failures to Designate.</u>

An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential —Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## V.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.  <u>Timing of Challenges.</u>

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.  <u>Meet and Confer.</u>

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue) with counsel for the Designating Party.  Once the counsel for the challenging party makes counsel for the Designating Party aware of his desire to meet and confer, the counsel for the parties must begin the process by conferring within 10 days.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C.    Judicial Intervention.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion shall set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue required under Paragraph V(B), *supra*., or explain that no justification was given, if that is the case.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

Any motion brought pursuant to this Section shall be governed by Local Rules 37-1 and 37-1 (including the Joint Stipulation Requirement).

## VI.   ACCESS TO AND USE OF PROTECTED MATERIAL

   A.   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section X below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   B.   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (i)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (ii)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   (iii)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (iv)   the Court and its personnel;

   (v)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

   (vi)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(vii)   the author of the document or the original source of the information.

C.   <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(i)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii)   Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(ii)   Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(iii)   the Court and its personnel;

(iv)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(v)   the author of the document or the original source of the information.

**VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED  IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in

1  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
2  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating
3  Party, in writing (by email or fax, if possible) immediately and in no event more
4  than three court days after receiving the subpoena or order. Such notification must
5  include a copy of the subpoena or court order.

6       The Receiving Party also must immediately inform in writing the Party who
7  caused the subpoena or order to issue in the other litigation that some or all the
8  material covered by the subpoena or order is the subject of this Protective Order. In
9  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order
10 promptly to the Party in the other action that caused the subpoena or order to issue.

11      The purpose of imposing these duties is to alert the interested parties to the
12 existence of this Protective Order and to afford the Designating Party in this case an
13 opportunity to try to protect its confidentiality interests in the Court from which the
14 subpoena or order issued. The Designating Party shall bear the burdens and the
15 expenses of seeking protection in that Court of its confidential material — and
16 nothing in these provisions should be construed as authorizing or encouraging a
17 Receiving Party in this action to disobey a lawful subpoena issued in another action.

18 **VIII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

19      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
20 Protected Material to any person or in any circumstance not authorized under this
21 Stipulated Protective Order, the Receiving Party must immediately (a) notify in
22 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
23 to retrieve all copies of the Protected Material, (c) inform the person or persons to
24 whom unauthorized disclosures were made of all the terms of this Order, and (d)
25 request such person or persons to execute the "Acknowledgment and Agreement to
26 Be Bound" that is attached hereto as **Exhibit A**.

27 **IX.    FILING OF PROTECTED MATERIAL.**

28      In Accordance with Local Rule 79-5.1, if any papers to be filed with the

1  Court contain information and/or documents that have been designated as
2  "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the proposed filing
3  shall be accompanied by an application to file the papers or the portion thereof
4  containing the designated information or documents (if such portion is segregable)
5  under seal; and the application shall be directed to the judge to whom the papers are
6  directed.  For motions, the parties shall publicly file a redacted version of the motion
7  and supporting papers.

8  **X.     FINAL DISPOSITION.**

9          Unless otherwise ordered or agreed in writing by the Producing Party, within
10 sixty days after the final termination of this action including appeals, each Receiving
11 Party must: (a) return all Protected Material to the Producing Party; or (b) destroy
12 the Protected Material.  As used in this subdivision, "all Protected Material"
13 includes all copies, abstracts, compilations, summaries or any other form of
14 reproducing or capturing any of the Protected Material.  Whether the Protected
15 Material is returned or destroyed, the Receiving Party must submit a written
16 certification to the Producing Party (and, if not the same person or entity, to the
17 Designating Party) by the sixty day deadline that identifies (by category, where
18 appropriate) all the Protected Material that was returned or destroyed and that
19 affirms that the Receiving Party has not retained any copies, abstracts, compilations,
20 summaries or other forms of reproducing or capturing any of the Protected Material.
21 Notwithstanding this provision, Counsel are entitled to retain archival copies of all
22 pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
23 work product, even if such materials contain Protected Material. Any such archival
24 copies that contain or constitute Protected Material remain subject to this Protective
25 Order as set forth in Section III (DURATION) above.

26 **XI.    MISCELLANEOUS**

27          A.     Right to Further Relief.

28          Nothing in this Order abridges the right of any person to seek its modification

by the Court in the future.

      B.    <u>Right to Assert Other Objections.</u>

      By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

Dated:  June 3, 2016

_____
Hon. Manuel L. Real
United States District Judge

Rutan & Tucker LLP
*attorneys at law*

# **EXHIBIT A**

I, _____, declare as follows:

     1.     My present address is: _____.

     2.     My present occupation or job description is: _____.

     3.     My present employer is: _____.

     4.     I have received a copy of the Stipulated Protective Order ("Order") entered in *Altair Instruments, Inc. v. Kelley West Enterprises, LLC, et. al.*, Case No. CV15-08115 R (FFMx) pending in the United States District Court for the Central District of California. I have carefully read and understand the provisions of the Order.

     5.     I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Protected Material that I receive in this action.

     6.     I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

Executed this ____ day of _____ 20__, in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____

SIGNATURE OF DECLARANT

Rutan & Tucker LLP
attorneys at law